IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN JACOB COLE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-615-JDK-KNM |
| | § | |
| SHERIFF, DENTON COUNTY, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Brian Jacob Cole, a pretrial detainee proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Judge Mitchell issued a Report and Recommendation (Docket No. 8) that the petition for writ of habeas corpus be dismissed without prejudice under the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine, or, alternatively, for failure to exhaust available state remedies. The Report also recommended that a certificate of appealability be denied. Petitioner filed objections. Docket No. 9.

In the objections, Petitioner asserts that *Younger* abstention does not apply because there is evidence that the state court proceedings are "motivated by bad faith." Docket No. 9 at 2. Specifically, he alleges that the "271st District Court administrative tribunal is biased" and that, "since 2016," "the same judge has retaliated against [him]" in his criminal and civil cases and "has completely refused to follow procedures[,] intentionally obstructing justice." *Id.* Petitioner also argues

1

that the "state forum" is "incompetent due to bias" and thus "[i]rreparable injury" and "deprivation of legal rights" will occur if the Court does not consider his habeas petition. *Id.* at 3. The Court disagrees.

"The bad faith exception is narrow and is to be granted parsimoniously." *Wightman v. Texas Supreme Ct.*, 84 F.3d 188, 190 (5th Cir. 1996). The *Younger* exception for bad faith prosecutions primarily is applied in two circumstances: when a state commences a prosecution or proceeding to retaliate for or deter constitutionally protected conduct, or when the prosecution or proceeding is taken in bad faith or for the purpose to harass. *Bishop v. State Bar of Texas*, 736 F.2d 292, 294 (5th Cir. 1984).

> To invoke this exception, the [petitioner] must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive. Mere conclusory allegations of bias are insufficient to overcome *Younger*—a [petitioner] seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception.

*Malone v. Dutton*, 2017 WL 4399564, at *4 (W.D. Tex. Oct. 3, 2017) (citations omitted).

Petitioner does not identify the trial court's actions that constitute bad faith. He does not offer proof that the trial court took any action for a retaliatory, harassing, or other illegitimate motive. Petitioner appears to simply disagree with the trial court's rulings in his prior civil cases and pending criminal cases, which is insufficient to show bad faith. *See Farkas v. Ocwen Loan Servicing, L.L.C.*, 725 F. App'x 273, 277 (5th Cir. 2018). Such conclusory bare accusations are insufficient to overcome *Younger* abstention.

Petitioner also contends that *Younger* abstention does not apply because there is a "lack of timely state remedies" and no "alternative state forum where constitutional issues can be raised." Docket No. 9 at 3. This argument is without merit. The ongoing state proceeding affords Petitioner an adequate opportunity to raise his constitutional challenges. *Wightman*, 84 F.3d at 189. Petitioner may avail himself of opportunities to litigate his claims before the trial court, and he will also have an avenue to present them on direct appeal and any other state court postconviction remedies under Article 11.07 of the Texas Code of Criminal Procedure. Therefore, the Court must abstain from asserting jurisdiction under *Younger*.

Even if this case were the rare pretrial habeas matter not barred by *Younger*, Judge Mitchell correctly found that Petitioner has failed to exhaust his state remedies, which precludes federal habeas relief. Docket No. 8 at 5–6. In his objections, Petitioner does not refute that finding. Instead, he appears to seek an order from the Court compelling the state court to rule on his application for a writ of habeas corpus that he allegedly filed on March 24, 2025. Docket No. 9 at 3. The Court does not have the authority to compel the state judge to rule on Petitioner's motions in his state court criminal case. *See Moye v. Clerk, Dekalb Cnty. Super. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973) (holding that a federal district court is not authorized to direct state officials in the performance of their duties).

Finally, Petitioner objects to the Report's recommendation that a certificate of appealability be denied, arguing that Judge Mitchell "made a determination of hypothetical correct results or outcome of how potential jurists would rule on a future

3

appeal and is an abuse of discretion and abuse of [P]etitioner's due process . . . rights." Docket No. 9 at 4. But Judge Mitchell was simply applying the legal standard explained by the U.S. Supreme Court. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Judge Mitchell determined that Petitioner failed to meet this standard. Docket No. 8 at 6. The Court agrees with Judge Mitchell and declines to issue a certificate of appealability.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 9) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 8) as the opinion of the Court. Petitioner's petition for a writ of habeas corpus is hereby **DISMISSED** without prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **28th** day of **August, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4